UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAITLYN B.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C20-5963-SKV

ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Child Disability Benefits. Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1992, graduated from high school and has a year of community college education, and has worked as a pizza cook and freelance transcriptionist. AR 48-51. Plaintiff was last gainfully employed in November 2018. AR 51.

In April 2018, Plaintiff applied for benefits, alleging disability as of January 15, 2004.[1]

---

[1] At the administrative hearing, Plaintiff alleged her amended onset date to May 19, 2010. AR 47.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 1

AR 230-35.  Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing.  AR 115-18, 122-37.  After the ALJ conducted hearings in March and December 2019 (AR 33-66), the ALJ issued a decision finding Plaintiff not disabled.  AR 15-25.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one**:  Plaintiff has not engaged in substantial gainful activity since the amended alleged onset date.

**Step two**:  Plaintiff has the following severe impairments: generalized anxiety disorder, social anxiety disorder, and a depressive disorder.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[3]

**Residual Functional Capacity ("RFC")**:  Plaintiff can perform a full range of work at all exertional levels, with the following non-exertional limitations: she is limited to understanding and carrying out simple instructions.  She is limited to no more than occasional contact with the general public.

**Step four**:  Plaintiff has no past relevant work.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 15-25.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1-6.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 1.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by

---

[2] 20 C.F.R. §§ 404.1520, 416.920.
[3] 20 C.F.R. Part 404, Subpart P, App. 1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 2

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

## DISCUSSION

Plaintiff argues the ALJ erred in assessing certain medical opinions, her own testimony, and lay statements. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A.  The ALJ Did Not Err in Discounting Plaintiff's Subjective Testimony or Lay Statements

The ALJ discounted Plaintiff's allegations because (1) the objective medical evidence is inconsistent with Plaintiff's alleged limitations, and (2) her activities are inconsistent with her allegations. AR 21-22. Absent evidence of malingering, an ALJ must provide clear and

convincing reasons to discount a claimant's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). Plaintiff argues that the ALJ's reasons to discount her allegations are not legally sufficient, and the Court will address each of the ALJ's reasons in turn.

### 1. Inconsistent Medical Evidence

The ALJ summarized Plaintiff's allegations of irritability, social difficulties, anxious/depressed mood, constant worry, and concentration deficits, and contrasted those allegations with normal findings as to Plaintiff's thought processes and other normal mental status examination findings. AR 21 (citing AR 321, 332, 341, 344, 348-49, 371, 378, 381, 396). The findings cited by the ALJ are reasonably inconsistent with the cognitive limitations alleged by Plaintiff, and the ALJ therefore did not err in relying on them to discount Plaintiff's self-report. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

### 2. Inconsistent Activities

The ALJ contrasted Plaintiff's reports of difficulty leaving the house, and vertigo and motion sickness while moving, with evidence showing that Plaintiff could run errands, drive, and shop. AR 22. The ALJ also contrasted lay witnesses' description of Plaintiff's concentration and social limitations with evidence of Plaintiff's ability to complete activities (cooking, watching television, playing games, completing puzzles, crocheting, caring for her father with health problems) that require concentration as well as her ability to spend time with family members and interact in public. *Id*.

Plaintiff argues that the ALJ did not identify activities that are inconsistent with her allegations (Dkt. 16 at 13), but as outlined *supra* the ALJ contrasted descriptions of Plaintiff's

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 4

limitations with her activities and reasonably found them to be inconsistent. *See* AR 22. Although Plaintiff emphasizes that she had problems completing these activities due to her limitations (Dkt. 15 at 13), the ALJ cited evidence that nonetheless shows that Plaintiff was able to complete the activities despite her limitations. AR 22 (citing AR 267, 269-70, 321, 332, 335, 350, 359, 362, 601, 618). Because the ALJ pointed to activities that reasonably contradict Plaintiff's alleged limitations, the ALJ did not err in relying on Plaintiff's activities as a basis for discounting her self-report. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

Plaintiff notes that her activities do not demonstrate her ability to work (Dkt. 16 at 15), but the ALJ did not cite them for this purpose or assert that her activities demonstrated the existence of transferable work skills. AR 22. Thus, Plaintiff has failed to show error in the ALJ's findings regarding her activities.

The ALJ's reasoning regarding Plaintiff's activities also satisfies the ALJ's obligation to provide germane reasons to discount the lay statements. *See Carmickle*, 533 F.3d at 1164 (holding that inconsistency between a lay statement and evidence of a claimant's activities is a germane reason to discount a lay statement). Thus, the Court rejects Plaintiff's contention that the ALJ failed to provide legally sufficient reasons to discount the statements provided by Plaintiff's mother and boyfriend. *See* AR 312-15.

      3.      *Evidence of Exaggeration*

The ALJ also noted that an examining psychologist indicated that Plaintiff's self-reporting may implicate deliberate exaggeration. AR 23 (citing AR 326). The psychologist

indicated that Plaintiff's self-reporting should be interpreted with this "tendency in mind" because it "may overestimate her level of distress in certain areas." AR 326.

The Commissioner implies that this evidence constitutes evidence of malingering such that the ALJ was not required to provide other reasons to discount Plaintiff's testimony. Dkt. 17 at 3. Plaintiff notes that the ALJ did not cite the evidence suggesting exaggeration as a reason to discount Plaintiff's self-reporting. Dkt. 18 at 8. Because the ALJ's other reasons to discount Plaintiff's testimony are valid, as explained *supra*, the Court need not further address this evidence of exaggeration. The Court affirms the ALJ's assessment of Plaintiff's allegations.

### B. The ALJ Did Not Err in Assessing the Medical Opinion Evidence

Plaintiff challenges the ALJ's assessment of several medical opinions, each of which the Court will consider in turn.

#### 1. Legal Standards

In assessing Plaintiff's April 2018 applications for benefits, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported by and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c) 416.920c(a)-(c).

The Commissioner argues that the regulations promulgated in 2017 changed the legal standards previously articulated by the U.S. Court of Appeals for the Ninth Circuit. *See* Dkt. 17 at 10-13. Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject an uncontradicted opinion from a treating or examining doctor, and "specific and legitimate" reasons to reject a contradicted opinion from such doctor. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standards for the review of medical opinions. It is not, in any event, clear that

the Court's consideration of the adequacy of an ALJ's reasoning under the new regulations would differ in any significant respect. The new regulations still require ALJs to explain their reasoning with specific reference to how they considered the supportability and consistency factors, 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b), and that reasoning must remain legitimate. *See Thomas S. v. Comm'r of Social Sec.*, No. C20-5083 RAJ, 2020 WL 5494904, at *2 (W.D. Wash. Sept. 11, 2020). The Court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

### 2. Peter Weiss, Ph.D.

Dr. Weiss examined Plaintiff in February 2018 and December 2019 and completed DSHS form opinions on both occasions. AR 321-28, 624-28. The ALJ found Dr. Weiss's opinions to be unpersuasive because they were not supported by Dr. Weiss's examination findings (which raised the possibility of deliberate exaggeration) and inconsistent with Plaintiff's activities, the treatment record, and other opinion evidence. AR 22-23.

Plaintiff argues that the ALJ failed to explain how Dr. Weiss's conclusions are unsupported by his findings. Dkt. 16 at 6-7. On the contrary, the ALJ pointed to the many normal mental status examination findings and reasonably found that they did not support the limitations Dr. Weiss indicated. AR 22-23. For example, Dr. Weiss described some cognitive limitations, yet noted primarily normal cognitive findings. *See* AR 324-25, 627-28. Furthermore, as emphasized by the ALJ, Dr. Weiss found that Plaintiff's self-report could suggest deliberate exaggeration (AR 326), and thus Dr. Weiss's conclusions based on that self-reporting were unreliable. *See Thomas*, 278 F.3d at 958 (affirming an ALJ's discounting of a

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 7

medical opinion where "the ALJ reasoned that a one-hour physical capacity evaluation relies almost entirely on subjective information, and when a claimant exaggerates symptoms, the results cannot be valid").

Likewise, the ALJ's finding that Dr. Weiss's opinions are inconsistent with other evidence in the record is also supported by substantial evidence. The ALJ's decision references many normal mental status examination findings as well as activities inconsistent with the significant limitations described by Dr. Weiss. *See* AR 21-22. The ALJ therefore did not err in finding Dr. Weiss's opinion to be inconsistent with other evidence in the record.

Because Plaintiff has not shown that the ALJ erred in assessing Dr. Weiss's opinions, the Court affirms this portion of the ALJ's decision.

       3.    *Luci Carstens, Ph.D.*

Dr. Carstens reviewed Dr. Weiss's 2018 opinion for DSHS and reiterated the limitations he indicated in her review opinion. AR 535-38. The ALJ found Dr. Carstens' opinion to be unpersuasive for the same reasons she found Dr. Weiss's opinions to be unpersuasive. AR 23.

As explained above, the ALJ did not err in finding Dr. Weiss's opinions to be unsupported by examination findings and inconsistent with other evidence in the record, and this reasoning applies with equal force to Dr. Carstens' opinion based on Dr. Weiss's 2018 opinion. The Court therefore affirms the ALJ's assessment of Dr. Carstens' opinion.

       4.    *State Agency Opinions*

The State agency reviewing psychologists opined that, *inter alia*, Plaintiff could perform tasks with 1-3 steps. *See* AR 77, 102. The ALJ characterized these opinions as limiting Plaintiff to "simple routine tasks." AR 23. Plaintiff argues that the ALJ erred in characterizing the State

agency opinions and failing to explain why she did not explicitly account for the State agency opinion limiting Plaintiff to 1-3-step tasks. Dkt. 16 at 4.

The Commissioner contends that the ALJ reasonably translated the State agency opinions into the RFC assessment, because a restriction to 1-3-step tasks is consistent with a limitation to simple, routine tasks. *See* AR 20. The Commissioner also argues that the State agency opinions are consistent with the Level 2 reasoning required in the jobs identified at step five, namely the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." Dictionary of Occupational Titles ("DOT")*,* App. C, § III, 1991 WL 688702. According to the Commissioner, because the State agency opinions are consistent with the ALJ's RFC assessment, the ALJ reasonably and accurately characterized the State agency opinions.

The Court agrees that Plaintiff has not shown error in the ALJ's characterization of the State agency opinions, although the Court acknowledges the lack of controlling Ninth Circuit authority. In *Zavalin v. Colvin*, the Ninth Circuit held that an RFC limitation to simple, repetitive tasks is inconsistent with Level 3 reasoning, which requires an employee to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." *See* 778 F.3d 842, 847 (9th Cir. 2015). The *Zavalin* court suggested that a restriction to simple, repetitive tasks was more consistent with Level 2 reasoning. *Id*. Shortly thereafter, the Ninth Circuit further clarified the relationship between RFC restrictions and DOT reasoning levels in *Rounds v. Commissioner of the Social Security Administration*, holding that an RFC restriction to 1-2-step tasks was more restrictive than a limitation to simple or repetitive

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 9

tasks, and inconsistent with the ability to perform Level 2 reasoning. 807 F.3d 996, 1003-04 & n.6 (9th Cir. 2015).

The RFC restriction in this case is less restrictive than in *Rounds*, because the State agency consultants found Plaintiff able to perform 1-3-step tasks, rather than only 1-2-step tasks. This suggests that Plaintiff, unlike the *Rounds* plaintiff, would not be limited to jobs requiring Level 1 reasoning. Indeed, multiple district courts in this circuit have faced the restriction present in this case, and found a restriction to 1-3-step tasks to be consistent with a limitation to simple work and/or Level 2 reasoning. *See, e.g.*, *Howard v. Saul*, 2020 WL 7490378, at *3 (D. Nev. Dec. 18, 2020); *Ray v. Comm'r of Social Sec. Admin.*, 2019 WL 77432, at *1 (W.D. Wash. Jan. 2, 2019); *Bannister v. Colvin*, 2016 WL 5141722, at *5 (W.D. Wash. Sep. 21, 2016); *Pharris v. Astrue*, 2011 WL 3882508, at *12 (E.D. Cal. Sep. 2, 2011) (finding an RFC restriction to "simple routine tasks" to be consistent with "[a] limitation to three and four step instructions" and jobs requiring Level 2 reasoning).

The Court follows these cases, as well as the principles set forth in *Zavalin* and *Rounds*, to find that a restriction to 1-3-step tasks is reasonably consistent with a limitation to simple, routine work. Because Plaintiff has not shown that the ALJ's translation of the State agency opinions into the RFC assessment was inaccurate or unreasonable, the Court finds no error in the ALJ's assessment of the State agency opinions. *See Rounds*, 807 F.3d at 1006 (indicating that it is the ALJ's responsibility to "translat[e] and incorporat[e] clinical findings into a succinct RFC").

Even if the ALJ had erred in equating the State agency opinions with a limitation to simple, routine work, the error would have been harmless because, as explained *supra*, the State agency opinions as written are consistent with the ability to perform Level 2 reasoning required

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 10

in all of the jobs identified at step five. *See* AR 24 (citing DOT 381.687-018, available at 1991 WL 673258; DOT 361.685-018, available at 1991 WL 672987; DOT 729.687-010, available at 1991 WL 679733). Accordingly, Plaintiff has not identified any harmful conflict between the State agency opinions and the ALJ's ultimate disability determination.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 15th day of June, 2021.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge